■ REINALDO MELENDEZ-NATAL, Respondent, v MAREN ENGINEERING CORPORATION et al., Defendants, and RED APPLE GROUP, INC., et al., Appellants. REINALDO MELENDEZ-NATAL, Respondent, v JACK SQUICCIARINI et al., Appellants, et al., Defendant. [843 NYS2d 614]—Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about February 1 and 2, 2007, which, to the extent appealed from, denied the motion by defendants Squicciarini, Gristede's Foods NY, Gristede's NY, Sloan's and the Red Apple defendants for summary judgment, and, upon plaintiff's motion for reargument and renewal of a prior order, denied the earlier motion of defendants Moskowitz and Gildea for summary judgment, unanimously affirmed, without costs.

On their motion for summary judgment, the supermarket defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. The affidavit submitted from a corporate officer was conclusory and did not address the allegations regarding ownership or control of the baler, the machine alleged to have caused plaintiff's injury. Furthermore, defendant Squicciarini failed to demonstrate, as a matter of law, that he is a special employee of plaintiff's employer. There are also questions of fact regarding whether defendants Moskowitz and Gildea were coemployees of plaintiff or whether they were employed by an entity other than plaintiff's employer at the time of the alleged negligence. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.